

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| **Carlos E. Roque-Blanco,** | ) | **Docket No. 2017-02-0161** |
| **Employee,** | ) | |
| | ) | |
| **v.** | ) | **State File No. 85075-2016** |
| | ) | |
| **Todd Manely,** | ) | |
| **Uninsured Employer** | ) | **Judge Brian K. Addington** |

---

## COMPENSATION HEARING ORDER

---

This matter came before the undersigned Workers' Compensation Judge on June 25, 2018, for a Compensation Hearing. The central legal issues are whether Mr. Blanco proved by a preponderance of the evidence that he was injured while working for an "employer" and whether his injury arose primarily out of his employment. The Court holds that Mr. Blanco worked for Mr. Manely, an employer as defined by the Workers' Compensation Law, and his injury arose primarily out of his employment. Therefore, he is entitled to medical, temporary and permanent disability benefits.

### History of Claim

Mr. Blanco worked for Mr. Manely clearing timber. On September 2, 2016, another employee cut a tree that fell on Mr. Blanco causing a spinal cord injury and fracture with resultant leg paraplegia. Wings Air Rescue transported Mr. Blanco to Holston Valley Medical Center.

There, Dr. Hamid Shah performed laminectomies at T-12 and L1 to stabilize Mr. Blanco's spine. Following recovery, Mr. Blanco was transferred to Brookhaven nursing home for rehabilitative therapy. His injury has left him paralyzed from the waist down, and he is confined to a wheelchair.

After his release from Brookhaven, Dr. William Kennedy reviewed Mr. Blanco's medical records and interviewed him at the request of Mr. Blanco's attorneys. Dr.

1

Kennedy agreed with Dr. Shah's treatment and assessments. He found Mr. Blanco reached maximum medical improvement (MMI) on June 4, 2018, and assigned him an eighty-seven percent whole body impairment. He also found that Mr. Blanco's injury left him unable to work from his injury date until he reached MMI. Dr. Kennedy noted that Mr. Blanco cannot stand and is completely incontinent of his bowel and bladder. Additionally, he found that Mr. Blanco was susceptible to further injury due to complete loss of sensory function in his lower extremities, deep vein thrombosis, and deforming contractures due to loss of muscle function.

Because of his injury and the restrictions, Mr. Blanco testified he was unable to perform any of his prior jobs. He also testified that he had a limited eighth grade education and primarily worked heavy labor his whole life.

Additionally, Mr. Blanco testified: 1) he was a resident of Morristown, Tennessee at the time of injury; 2) Mr. Manely was his employer; 3)Mr. Manely did not have workers compensation insurance; and 4) his injury occurred in Hawkins County, Tennessee. Mr. Blanco named four of Mr. Manely's employees in addition to himself and testified Mr. Manely had other employees he could not identify by name. Mr. Blanco stated he earned $400.00 a week, had not worked since his injury, and that Mr. Manely did not pay any lost wages. Mr. Blanco's medical bills through August 27, 2017, totaled $161,718.19.

Mr. Blanco requested payment for medical treatment and temporary and permanent disability benefits. He also requested payment by the Bureau, since Mr. Manely did not have workers' compensation insurance.

Mr. Manely did not file a response to Mr. Blanco's PBD, did not appear at mediation, and has not appeared at any hearing on the matter.

When Mr. Blanco filed a Petition for Benefit Determination on November 1, 2016,[1] a compliance specialist with the Bureau, investigated Mr. Manely and the circumstances regarding Mr. Blanco's injury. During the investigation, a co-worker, Arturo Russell, confirmed that he and Mr. Blanco worked for Mr. Manely and that Mr. Manely did not have workers' compensation insurance. The compliance specialist recorded Mr. Manely as having two employees, including Mr. Blanco.[2]

---

[1] Mr. Blanco filed his PBD on the 60th day following his accident.

[2] The compliance specialist only spoke to Mr. Blanco and Arturo Russell, a co-worker. He did not interview Mr. Manely. The specialist did not explain how he determined Mr. Manely employed only two persons.

## Findings of Facts and Conclusions of Law

Mr. Blanco has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). "[A]t a compensation hearing where the injured employee has arrived at a trial on the merits, the employee must establish by a preponderance of the evidence that he or she is, in fact, entitled to the requested benefits." *Willis v. All Staff,* 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015).

The Workers' Compensation Law requires all "employers" to provide workers' compensation coverage for their "employees." *See* Tenn. Code Ann. § 50-6-405(a). According to Tennessee Code Annotated 50-6-102(12)(A) (2016), "an employee includes every person . . . in the service of an employer[.]" An employer is defined as "any individual . . . using the services of not less than five (5) persons for pay[.]" Tenn. Code Ann. § 50-6-102(13).

To succeed, Mr. Blanco must first prove he was an employee in the service of an employer. Mr. Blanco satisfied this requirement by providing testimony that Mr. Manely employed five employees (including himself) whom he could name and more he could not name. The Court finds Mr. Blanco's testimony outweighs the information the compliance specialist provided from his investigation.

Further, Mr. Blanco must prove his injury arose primarily out of and in the course and scope of his employment. He satisfied this element by providing Dr. Kennedy's C-32 testimony that Mr. Blanco's injury arose primarily out of and in the course and scope of his employment. Unquestionably, Mr. Manely was aware of Mr. Blanco's injury on the day it occurred.

The Court holds that Mr. Blanco proved by a preponderance of the evidence that he suffered a compensable injury that arose primarily out of his employment with Mr. Manely. Since Mr. Manely failed to provide medical benefits despite having notice of the injury, Mr. Blanco is entitled to payment of all past and ongoing medical treatment. This includes the $161,718.19 incurred through August 27, 2017. Mr. Blanco is entitled to reasonable and necessary open medical benefits with Dr. Shah per Tennessee Code Annotated section 50-6-204.

Concerning temporary total disability benefits, Mr. Blanco provided Dr. Kennedy's statement that Mr. Blanco's injury temporarily disabled him from work from the date of injury to the date Dr. Kennedy placed him at MMI. This period represents ninety-one weeks and two days. Mr. Blanco is entitled to $24,343.47 in temporary total disability benefits, per Tennessee Code Annotated section 50-6-207(1).

As to permanent disability benefits; based on his elevated impairment rating, the

3

statements from Dr. Kennedy about Mr. Blanco's susceptibility to further injury, and Mr. Blanco's statement that he cannot work, the Court holds that Mr. Blanco is permanently and totally disabled per Tennessee Code Annotated section 50-6-207(4)(A)&(B). He is entitled to a weekly payment of $266.67 from Mr. Manely from June 5, 2018, until he reaches retirement age under Social Security.

## Payment of Benefits

Although this Court holds Mr. Manely must provide Mr. Blanco with past and ongoing medical benefits and temporary total disability benefits, payment might not occur, as Mr. Manely did not have workers' compensation insurance at the time of the accident. Under Tennessee Code Annotated section 50-6-802(e)(1), however, the Bureau has discretion to pay limited temporary disability and medical benefits to employees who have established medical causation of their injury and meet the following criteria:

(1) The employee worked for an employer who failed to carry workers' compensation insurance;
(2) The employee suffered an injury primarily arising in the course and scope of employment after July 1, 2015;
(3) The employee was a Tennessee resident on the date of the injury; and
(4) The employee provided notice to the Bureau of the injury and the employer's failure to provide workers' compensation insurance no more than sixty days after the injury occurred.

Tenn. Code Ann. § 50-6-801(d)(1)-(4).

The Court finds finds:

(1) Mr. Manely failed to carry workers' compensation insurance;
(2) Mr. Blanco suffered an injury arising primarily out of and in the course and scope of employment after July 1, 2015;
(3) Mr. Blanco was a Tennessee resident on September 2, 2016, the date of the injury;
(4) Mr. Blanco provided the Bureau notice of the injury and of Mr. Manely's failure to provide workers' compensation within sixty days after the injury occurred; and,
(5) Mr. Blanco is entitled to past and ongoing medical and temporary total disability benefits.

Therefore, the Court holds Mr. Blanco satisfied all the statutory criteria outlined above.

4

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Manely shall pay Blanco's past medical benefits of $161,718.19 and provide ongoing future medical benefits with Dr. Shah, per Tennessee Code Annotated 50-6-204.

2. Mr. Manely shall pay Mr. Blanco temporary total disability benefits of $24,343.47.

3. Mr. Manely shall pay Mr. Blanco permanent total disability benefits of $266.67 each week starting June 5, 2018, until he reaches retirement age per Social Security.

4. The Court assesses the $150.00 filing fee under the Tennessee Compilation Rules and Regulations 0800-02-21-.07 against Mr. Manely, for which execution may issue if necessary.

5. Mr. Blanco is eligible to receive medical and temporary disability benefits from the Uninsured Employer's Fund under Tennessee Code Annotated section 50-6-801, *et seq.* The clerk shall forward a copy of this order to the Administrator for consideration of whether to provide medical treatment. Any payments made by the Uninsured Employers Fund under Tennessee Code Annotated section 50-6-801 *et seq.* (2015) entitles the Bureau to rights to collect those payments made pursuant to Tennessee Code Annotated section 50-6-803 (2015), to the extent permitted by law.

6. Mr. Terry/Mr.Taylor shall file an SD-2 on behalf of Mr. Blanco within five days of entry of this order.

7. Absent an appeal of this order, it shall become final thirty days after issuance.

**ENTERED this the 2ⁿᵈ day of July, 2018.**

_____/s/Brian K. Addington_____
**Judge Brian K. Addington**
**Court of Workers' Compensation Claims**

5

## Appendix

Exhibits:
1. Affidavit of Roque-Blanco
2. Medical Records-Holston Valley Medical Center
3. Wings Air Rescue-Medical Notes
4. Hawkins County EMS-Medical Notes
5. Cumulative Exhibit-Medical Bills
6. Cumulative Exhibit-Medical Records
7. Supplemental Employee Notice
8. Dr. William Kennedy-Medical Records
9. Expedited Request for Investigative Report


Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. 2nd Petition for Benefit Determination
4. Dispute Certification Notice
5. Order of Dismissal Without Prejudice
6. Request for Expedited Hearing
7. Docketing Notice
8. Expedited Hearing Order
9. Order Setting Status Conference
10. Docketing Notice
11. Status Hearing Order
12. Scheduling Hearing Order
13. Motion for Extension and Continuance
14. Amended Scheduling Hearing Order
15. Employee Witness and Exhibit List
16. Pre-Compensation Hearing Statement
17. Cumulative Employee Filings

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on July 2, 2018.

| Name | Certified Mail | First Class Mail | Via Email | Service Sent To: |
|------|------|------|------|------|
| Braxton Terry, Esq., JeffreyTaylor, Attorney for Employee | | | X | brack@terry-lawfirm.com lisa@terry-lawfirm.com jeff@taylorlawfirmtn.com |
| Todd Manely, Self-Represented | X | | | 711 E. Jefferson Street Jefferson City, TN 37760 810 Ken Manley Road, New Market, TN 37820 |

/s/ Penny Shrum

**Penny Shrum, Clerk of the Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**